IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Don Boyd, | ) | C/A No. 3:10-872-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| State of South Carolina; Angelica Textile Services, Inc.; Jerry Oliver, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Don Boyd ("Boyd"), filed this action against the defendants, State of South Carolina; Angelica Textile Services, Inc. ("Angelica"), his former employer; and Jerry Oliver ("Oliver"),[1] Boyd's supervisor. This matter is currently before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the motion of Defendant State of South Carolina ("State") to dismiss for lack of subject matter jurisdiction, captioned as a motion for summary judgment. (ECF No. 23.) Following the issuance of an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Boyd filed a response to the defendant's motion and later supplemented that response. (ECF Nos. 34 & 42.) Having carefully considered the parties' submissions and the applicable law, the court concludes that the State's motion should be granted.

### BACKGROUND

This matter arises out of Boyd's former employment with Angelica. Pertinent here, Boyd claims that the State Human Affairs Commission ("SHAC"), a state agency that is not a party to the

---

[1] It appears that Defendant Jerry Oliver has not been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure; accordingly, the court recommends that Boyd's claims against him be dismissed without prejudice pursuant to Rule 4(m). See Fed. R. Civ. P. 4.



instant case, failed to process his administrative charge against Angelica. Liberally construed, Boyd's Complaint appears to raise against the State a civil rights claim that the State denied him his constitutional rights by failing to process his administrative charge, as well as a state law claim of negligence.

## DISCUSSION

**A.     Rule 12(b)(1) Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

**B.     Pro Se Pleadings**

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of



a potentially meritorious case. Erickson, 551 U.S. 89; Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

C.      **Boyd's Claims Against the State**

Boyd appears to claim that the State conspired with Angelica to deprive him of his constitutional rights by failing to process his administrative charge filed with SHAC. To the extent Boyd seeks damages under 42 U.S.C. § 1983 or § 1985 against the State for any such actions, the State is immune from suit pursuant to the Eleventh Amendment to the United States Constitution, which states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against

state agents and state instrumentalities."); Mt. Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) ("The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances."). Moreover, the United States Supreme Court has stated that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Will, 491 U.S. at 66; see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations). Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Any claim of negligence against the State is similarly barred from adjudication in this court. See id. ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in Federal Court under the Eleventh Amendment to the Constitution of the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina.").

Finally, to the extent that Boyd's Complaint can be construed to seek "injunctive" relief against the State in the form of an order essentially excusing him from failing to exhaust his administrative remedies with regard to his race discrimination claims against the other defendants, such relief against the State is not appropriate. Boyd has an adequate remedy at law in that he can raise these arguments to this court in response to any motion by Angelica that asserts Boyd's failure to exhaust administrative remedies as a defense to his race discrimination claims. See, e.g., N. Cal. Power Agency v. Grace Geothermal Corp., 469 U.S. 1306, 1306 (1984) (Rehnquist, Circuit Justice) ("A party seeking an injunction from a federal court must invariably show that it does not have an adequate remedy at law."); Beacon Theatres v. Westover, 359 U.S. 500, 509 (1959) (stating that "in the federal courts equity has always acted only when legal remedies were inadequate"); cf. State of

Georgia v. City of Chattanooga, 264 U.S. 472, 483-84 (1924) (holding that a party's ability to assert its claims as a defense in another proceeding constitutes an adequate remedy at law).

### RECOMMENDATION

The State is immune from suit on Boyd's claims for damages; therefore, this court lacks subject matter jurisdiction over those claims. Additionally, to the extent Boyd may be seeking injunctive relief, such a claim also fails. Accordingly, the court recommends that the State of South Carolina's motion to dismiss for lack of subject matter jurisdiction be granted. (ECF No. 23.) Furthermore, Boyd's claims against Oliver should be dismissed without prejudice pursuant to Rule 4(m).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 5, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).