IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Don Boyd, | ) | C/A: 3:10-872-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| | ) | |
| State of South Carolina; Angelica Textile Services, Inc.; Jerry Oliver, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Don Boyd, brings this action against his former employer, Angelica Textile Services, Jerry Oliver (Boyd's former supervisor at Angelica Textiles), and the State of South Carolina. Boyd claims that the South Carolina Human Affairs Commission ("SHAC"), a state agency who was not named in this litigation, failed to process his administrative charge against defendant Angelica Textile. Essentially, the plaintiff contends that the State of South Carolina denied him his constitutional rights by failing to process his administrative charge. He also appears to assert a state law claim for negligence and various other constitutional violations and intentional torts.

The Magistrate Judge assigned to this action[1] has prepared a Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter
(continued...)

1

Recommendation suggesting that the State of South Carolina's motion for summary judgment (ECF No. 23) should be granted.[2] Although the motion was technically styled as one for summary judgment, the Magistrate Judge has treated it as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff alleges that he was terminated from his employment with Angelica Textile Services on or about February 6, 2008 and filed an employment discrimination complaint with SHAC on July 4, 2008. He asserts that on or about April 6 or 7, 2009, he received a letter from SHAC indicating that the Commission was unable to proceed with his complaint because it was untimely by not being filed within 180 days the alleged discriminatory act occurred. The plaintiff contends that SHAC's delay and mishandling of his discrimination complaint has foreclosed his rights to redress the discrimination claims.

The plaintiff also contends his firing by defendant Oliver was to silence him from "blowing the whistle on the unsafe maintenance and condition of Angelica commercial vehicles." In his complaint, the plaintiff seeks relief for:

> Civil rights violations, constitutional rights violations including that of Due

---

[1](...continued)
to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment.

> Process and Equal Protection Clauses of Amendments One and Fourteen of Constitution of the United States, wrongful discharge, discharge in violation of public policy, breach of fiduciary duty, whistle blower violations, intentional infliction, negligent infliction, harassment, malpractice, conspiracy, conspiracy to deprive civil rights/due process and other herein described offenses, and for all other relevant offenses, deprivations and breaches of statutes and ordinances and laws that I a non-lawyer have not herein named.

Plaintiff seeks monetary damages in the amount of $16 million against the State of South Carolina.

In its motion for summary judgment, the defendant State of South Carolina argues that this court is without subject matter jurisdiction over this defendant and also that it is entitled to Eleventh Amendment immunity.

On September 10, 2010, the plaintiff responded in opposition to the motion with a nine-page "motion for leave to file later" indicating that he lacks a working computer and printer, and that he is "unable to cite to case law and can only respond with logic at this time." He then indicates that "although the plaintiff's complaint is not artfully drafted, it clearly appears that the plaintiff is alleging that the SCHAC was negligent in the manner in which it handled his complaint which would bring this case within the purview of the South Carolina Tort Claims Act..." Plaintiff asks the court to deny the defendant's motion noting, "If logic above does not dispose of the motion for summary judgment, Plaintiff asks Court to extend the time to respond to same with citations to case law and other authorities." In the affidavit attached to his response, plaintiff states that he has been "unable to research case law, conduct discovery or correspond with the Court, and the pace of scheduling order is too

rapid."

The Magistrate Judge granted plaintiff's request and allowed him until September 30, 2010, to supplement his response to the motion for summary judgment. On October 8, 2010, the plaintiff filed another motion to extend time to respond, which the Magistrate Judge again granted.

Relying upon well established law, the Magistrate Judge has determined that the State of South Carolina is immune from suit in this action by reason of the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides that "[t]he Judicial power of the United States should not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. Art. XI. Sovereign immunity protects both the State of South Carolina and its agencies, divisions, departments, officials, and other "arms of the state." *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Accordingly, the Magistrate Judge suggests that the State of South Carolina should be dismissed from this case.

Additionally, the Magistrate Judge suggests that the plaintiff's claims against defendant Jerry Oliver should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). Rule 4(m) provides in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time;

4

provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Here, a notation on the electronic docket sheet reveals that defendant Jerry Oliver was not served by the plaintiff within the 120-day deadline. The plaintiff provides no reason for this failure, nor does he seek to extend the deadline within which to serve defendant Oliver. Accordingly, the court agrees with the Magistrate Judge that defendant Oliver should be dismissed without prejudice.

As the Magistrate Judge opines in her Report, to the extent that plaintiff's complaint can be construed to seek "injunctive" relief against the State of South Carolina, such relief is not appropriate under § 1983. The Magistrate Judge notes that the plaintiff has an adequate remedy at law and can raise the argument later in response to any motion by defendant Angelica that his failure to exhaust his administrative remedies on his race discrimination claim was due to the State's negligence.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on January 5, 2011. The plaintiff filed timely objections to the Report on January 18, 2011. The court will address each objection in turn.

Plaintiff first objects to the timing of the issuance of the Report, suggesting that he does not have a working printer or automobile, and that it is "common knowledge" that the University of South Carolina Law School law library was closed for the holidays. The record in this case reflects that defendant State of South Carolina's motion for summary judgment

5

was filed on August 4, 2010 (ECF No. 23). The court issued a *Roseboro* order on August 5, 2010, advising the plaintiff of his obligation to respond to the motion for summary judgment. The plaintiff filed a response in opposition to the motion and was granted two extensions of time within which to do so. At the time the requests for extensions were made in September and October 2010, the plaintiff then complained of his lack of a working computer or car, but it appears that he had access to the law library at that time.

Plaintiff's suggestion that the Magistrate Judge improperly issued her Report to "coincide with the 34-day due opposition to co-defendants summary motion" and that the Magistrate's timing "offends due process" is wholly without merit as well.[3] On December 14, 2010, defendant Angelica Textiles filed a separate motion for summary judgment in this action and another *Roseboro* order was issued on December 15, 2010, giving the plaintiff thirty-four days to respond to Angelica's motion for summary judgment. Plaintiff's suggestion that he did not have adequate time to access the University of South Carolina law library while it was closed for the holidays or snow is unavailing in this case. The University of South Carolina law school library was closed from December 18–19; 23–26 and 29 through January 3, 2011. Thus, plaintiff had ample opportunity to avail himself of the law library during the thirty-four days within which he had to respond to Angelica's motion.

---

[3] This court takes judicial notice of the plaintiff's other pending actions in this district wherein he also complains of his lack of computer, car, and access to the law library due to the holidays and snow closures. He also accuses the Magistrate Judge of intentionally issuing her Reports and Recommendations to "coincide and prevent timely plaintiff objection." *See Boyd v. Bi-Lo, et al.*, C/A No. 3:10-3209-JFA-PJG; *Boyd v. City of Columbia, et al.*, C/A No. 3:11-13-JFA-PJG; and *Boyd v. KLLM Transport, et al.*, C/A No. 3:10-3208-JFA-PJG. *Aloe Creme Labs, Inc. v. Francine Co.*, 425 F.2d 1295 (5th Cir. 1970).

Plaintiff's second objection to the Report indicates that the Magistrate Judge's recommended resolution of the issue "created an improper and impermissible bifurcation letting codefendant and coconspirator Angelica reprise same (dead, waived) defenses for a second go-around four months later, offending due process." This court is unconvinced that the dismissal of one litigant allows a separate, unrelated litigant to revive defenses that have been waived earlier in the case.

Plaintiff's third objection is styled "objection to lack of higher guidance" which seems to suggest that punitive damages, as a separate issue, are available to the plaintiff notwithstanding the Eleventh Amendment bar. The Eleventh Amendment applies to all claims against the State, those asserting actual as well as punitive damages. This objection lacks merit.

Plaintiff's next objection suggests that there has been no discovery in the case and the Magistrate Judge acted prematurely in recommending dismissal of the State of South Carolina. Discovery on the issue of Eleventh Amendment immunity would be of no value in this case. The claims asserted against the State of South Carolina are clearly barred by the Eleventh Amendment, and no deposition, interrogatory, or requests to admit can alter this. The objection is overruled.

Plaintiff objects to the portion of the Report and Recommendation entitled "Background." In this objection, the plaintiff takes issue with the Magistrate Judge's characterization of plaintiff's claims. The court, having studied the applicable record, finds

7

nothing improper with the Magistrate Judge's background discussion of this case.

Plaintiff's next objection suggests, incorrectly, that the Magistrate Judge sent the parties a notice that the State of South Carolina's motion to dismiss would be treated as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. To the contrary, the Magistrate Judge's *Roseboro* order indicates that "one or more defendants filed a motion to dismiss (pursuant to Fed. R. Civ. P. 12) or a motion for summary judgment (pursuant to Fed. R. Civ. P. 56) asking the court to dismiss your case." The *Roseboro* order then contains a thorough discussion of both motions to dismiss and for summary judgment.

Plaintiff contends that he submitted affidavits and other documents outside of the pleadings and that the Magistrate Judge should have treated the motion as one for summary judgment, for which a genuine issue of material fact exists. The court is unpersuaded by this argument. The principal of Eleventh Amendment immunity is well-settled in federal law and does not rely upon the particular facts of a specific case. Because this court lacks subject matter jurisdiction over the State of South Carolina, the Magistrate Judge properly elected to treat the motion for summary judgment as one to dismiss under Rule 12. This objection is overruled.

Plaintiff's final objection can be best characterized as a disagreement with the law of Eleventh Amendment immunity. For the reasons stated previously, this objection is overruled.

Having found no merit to any of the objections lodged by the plaintiff, the court

hereby adopts the Report and Recommendation of the Magistrate Judge as the order of this court. The motion to dismiss and/or for summary judgment by the defendant State of South Carolina is granted and the State of South Carolina is dismissed from this action. Additionally, defendant Jerry Oliver is dismissed from this action without prejudice.

The Clerk shall return this file to the Magistrate Judge for further handling.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 11, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge