IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Don Boyd, ) | C/A No. 3:10-872-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Angelica Textile Services, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, Don Boyd ("Boyd"), filed this action against his former employer, Defendant Angelica Textile Services, Inc. ("Angelica").[1] This matter is currently before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on Angelica's motion to dismiss for lack of subject matter jurisdiction and/or for summary judgment (ECF No. 63) and Boyd's motion for partial summary judgment (ECF No. 68). Following the issuance of an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Boyd filed a response to the defendant's motion and later supplemented that response. (ECF Nos. 89 & 99.) The defendant filed a response in opposition to Boyd's motion (ECF No. 79) and Boyd filed a reply (ECF No. 83). Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendant's motion should be granted.

---

[1] Defendants State of South Carolina and Jerry Oliver were dismissed from this action by order dated March 11, 2011. (ECF No. 105.) Although Boyd argues that Oliver should not be dismissed, such an argument is not properly before the court, as Boyd had the opportunity to object prior to the dismissal of Oliver by the Honorable Joseph F. Anderson, Jr. Boyd cannot now resurrect that issue before the assigned magistrate judge in connection with Angelica's motion.



## BACKGROUND

This matter arises out of Boyd's former employment with Angelica. The unrefuted evidence of record establishes the following facts. On July 5, 2008, Boyd faxed an Initial Inquiry Questionnaire to the South Carolina Human Affairs Commission ("SCHAC"), the deferral agency in South Carolina for the federal Equal Employment Opportunity Commission ("EEOC"), complaining of discrimination by his employer, Angelica. This questionnaire provides at the top of the first page that "COMPLETION AND SUBMISSION OF THIS QUESTIONNAIRE DOES NOT IMPLY OR CONSTITUTE THE FILING OF A CHARGE." (Compl. Ex. 3.1, ECF No. 1-1 at 2; Ligon Aff., Attach. A, ECF No. 63-2 at 7.) The questionnaire was not signed under oath or affirmation, did not state the relief sought, and included no request for SCHAC to take action against Angelica. Additionally, Boyd did not complete page seven of the questionnaire. He provided a street address but no home, mobile, or work telephone number. He provided no e-mail address, and he did not include the dates of the relevant events described. Accordingly, SCHAC sent a letter requesting additional information from Boyd. The letter was directed to the mailing address Boyd provided on the questionnaire. The letter specifically advised that if Boyd did not make contact with SCHAC within ten days of the letter, SCHAC would assume that Boyd did not intend to file a charge of discrimination. (Ligon Aff. ¶ 5 & Attach. B, ECF No. 63-2 at 3, 14.).[2] Not having heard from Boyd within the prescribed time period, SCHAC sent another letter to the address provided by Boyd stating that it was unable to proceed with Boyd's complaint because Boyd had not responded.

---

[2] Boyd has filed a motion, among others, seeking to have Ligon's affidavit stricken because the middle initial on the affidavit does not match the middle initial in Ligon's signature. The court finds that this obvious scrivener's error does not warrant the striking of Ligon's affidavit and observes that, in any event, the error was promptly cured. (See ECF No. 95-1.)



(Ligon Aff. ¶ 6 & Attach. C, ECF No. 63-2 at 3, 16.) Toward the end of September 2008, Boyd faxed a letter to SCHAC inquiring about the status of his questionnaire. (Ligon Aff. ¶ 7 & Attach. D, ECF No. 63-2 at 3, 18.) That letter requested that a response be sent to a different address from the one previously provided by Boyd and that headed the letter itself. (See id.) Although Boyd ultimately provided some dates previously requested by SCHAC, he never provided all of the information it had requested. (Ligon Aff. ¶ 9 & Attach. F, ECF No. 63-2 at 4, 22.) Accordingly, when he called in early October regarding the status of his complaint, SCHAC informed him that it had been unable to process the questionnaire because Boyd had failed to provide information responsive to SCHAC's request. (Ligon Aff. ¶ 10, ECF No. 63-2 at 4.) SCHAC advised Boyd to contact the EEOC as soon as possible because the deadline to file an administrative charge was approaching. (Id.) On March 27, 2009 SCHAC closed Boyd's file and sent a letter to the new address Boyd had provided for correspondence; SCHAC's letter advised Boyd that SCHAC had been unable to proceed with his complaint because it was untimely. (Ligon Aff. ¶ 12, ECF No. 63-2 at 4.) Boyd apparently never contacted the EEOC regarding his claim and never received a right-to-sue letter. (See Ligon Aff. ¶¶ 13-14, ECF No. 63-2 at 4.) On April 7, 2010, Boyd filed the instant Complaint in the United States District Court.

## DISCUSSION

A.   Rule 12(b)(1) Standard

The defendant has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that this Complaint should be dismissed because the plaintiff failed to administratively exhaust the claims he has raised. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded.



It is the plaintiffs' burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

**B.     Exhaustion of Administrative Remedies**

"Before filing suit under Title VII, a plaintiff must exhaust [his] administrative remedies by bringing a charge with the EEOC." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000); see also 42 U.S.C. § 2000e-5(f)(1). Exhaustion of administrative remedies is a statutory prerequisite to properly invoke the jurisdiction of the federal court. See, e.g., Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (stating that "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim"); Davis v. N.C. Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995) (stating that "that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite"); see also 42 U.S.C. § 2000e-5(f). The Fourth Circuit has emphasized:

> The filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent . . . lawsuit. Rather, Congress intended the exhaustion requirement to serve the primary purposes of notice and



conciliation. First, an administrative charge notifies the employer of the alleged discrimination. This notice gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions. It also prevents the employer from later complaining of prejudice, since it has known of the allegations from the very beginning. Second, the exhaustion requirement initiates agency-monitored settlement, the primary way that claims of discrimination are resolved.

Chacko v. Patuxent Inst., 429 F.3d 505, 510 (4th Cir. 2005) (citations omitted).

Here, the record shows that Boyd did not exhaust his administrative remedies.[3] First, his SCHAC intake questionnaire does not constitute the administrative charge required by the statute. See 42 U.S.C. § 2000e-5(b). In Federal Express Corp. v. Holowecki, 552 U.S. 389 (2008), the United States Supreme Court discussed the circumstances when an intake questionnaire can constitute an administrative charge and held that an intake questionnaire suffices as a "charge" under the Age Discrimination in Employment Act ("ADEA") only if it can "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Id. at 402. At least one court examining this question post-Holowecki has questioned whether the Holowecki test applies in Title VII cases, since, as the Holowecki court itself observed, "the EEOC enforcement mechanisms and statutory waiting periods for ADEA claims differ in some respects from those pertaining to other statutes the EEOC enforces, such as Title VII . . . ." Id. at 391; see also Kellam v. Independence Charter School, 735

---

[3] In his memorandum (ECF No. 89), Boyd appears to object to Angelica's reliance on his failure to exhaust administrative remedies and contends that this issue was previously raised by Angelica's co-defendant, State of South Carolina in its previously granted motion to dismiss. Boyd apparently complains about Angelica's use of the defense of failure to exhaust administrative remedies after the State raised it, among other defenses, earlier in these proceedings. This argument is both inaccurate and without merit, as the State of South Carolina moved for, and was granted, dismissal of the Complaint against it on the basis of Eleventh Amendment immunity. The State of South Carolina did not raise the defense of failure to exhaust administrative remedies; however, even if it had, such a defense would not be limited to the State of South Carolina.



F. Supp. 2d 248 (E.D. Pa. 2010).[4] However, even if the Holowecki test were properly applied to a Title VII claim such as Boyd's, the test is not met here. First, the SCHAC questionnaire itself proclaims that it is not an administrative charge. See Hayes v. Delaware State Univ., 726 F. Supp. 2d 441, 452 (D. Del. 2010) (finding that the Delaware intake questionnaire did not constitute an administrative charge under the Holowecki test because, among other things, it specifically stated that it did not constitute the filing of a charge). Moreover, the questionnaire was not verified "under oath or affirmation" as required by Title VII. See 42 U.S.C. § 2000e-5(b). Finally, the questionnaire does not satisfy the Holowecki test because it did not identify what relief Boyd was seeking or ask for action to be taken against Angelica. (See Compl. Ex. 3.1, ECF No. 1-1 at 2-10; Ligon Aff., Attach. A, ECF No. 63-2 at 7-12.); King v. Lowe's Home Centers, Inc., C/A No. AW-08-3393, 2009 WL 3681686, at *4-*5 (D. Md. Nov. 2, 2009).

Nor has Boyd received a right-to-sue letter from the EEOC, which is a prerequisite to the filing of a Title VII claim. See Davis, 48 F.3d at 140. Although Boyd seems to argue that he was entitled to receive a right-to-sue letter and that SCHAC unlawfully failed to process his questionnaire, the undisputed record presented to the court belies this assertion. Cf. Moore v. City of Charlotte, 754 F.2d 1100, 1003 n.1 (4th Cir. 1985) (recognizing that in limited circumstances, entitlement to a right-to-sue letter may be sufficient to invoke the jurisdiction of the federal district court even if no letter is actually received). As discussed above, Boyd has failed to refute Anglica's evidentiary showing that he did not take the necessary steps to file an administrative charge and has

---

[4] Other courts have found to the contrary. See Beckham v. Nat'l R.R. Passenger Corp., 590 F. Supp. 2d 82, 86 (D.D.C. 2008) (applying Holowicki in the Title VII context "because of the similarities between the statutory schemes of the ADEA and Title VII concerning exhaustion of administrative remedies"); Grice v. Baltimore Cnty, C/A No. 07-1701, 2008 WL 4849322, at *4 n.3 (D. Md. Nov. 5, 2008) (finding Holowecki applicable to Title VII claims and collecting cases).



utterly failed to support his assertions that he was prevented from exhausting his administrative remedies because SCHAC improperly failed to process his complaint.

## RECOMMENDATION

The court lacks jurisdiction over Boyd's Title VII claims because he failed to exhaust his administrative remedies. See Jones, 551 F.3d at 300. Thus, the court also lacks supplemental jurisdiction over Boyd's state law claims. See 28 U.S.C. § 1367(a) (providing that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). Accordingly, the court recommends that Angelica's motion (ECF No. 63) be granted and Boyd's motion (ECF No. 68) be denied. In light of this recommendation, the court further recommends that all other pending motions (ECF Nos. 46, 50, 51, 67, 69, 73, 81, 84, 85, 86, & 99) be terminated.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 9, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).