## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| Don Boyd, | ) | C.A. No.: 3:10-cv-872-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Angelica Textile Services, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This employment litigation matter is before the court upon Plaintiff Don Boyd's ("Boyd") objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that this court grant Defendant Angelica Textile Services, Inc.'s ("Angelica") motion to dismiss for lack of subject matter jurisdiction and/or for summary judgment (ECF No. 63) and deny Boyd's motion for partial summary judgment (ECF No. 68). Specifically, Boyd filed a first set of objections on June 27, 2011 and filed two additional sets of objections on July 11, 2011 and July 22, 2011. Under Fed. R. Civ. P. 72(b), the two sets of objections filed in July were untimely, and, therefore, this Court is not required to consider these objections. However, in an effort to show some deference to the *pro se* litigant, this Court chooses to consider both the timely and the untimely objections filed by Boyd. Nevertheless, having reviewed the entire record, this Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

1

## I. Legal Standards

### A. The Magistrate Judge's Report and Recommendation

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

### B. Legal Standard for Dismissal

The defendant has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that this Complaint should be dismissed because the plaintiff failed to administratively exhaust the claims he has raised. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiffs' burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for

2

lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Johnson v. United States*, 534 F. 3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### C. Exhaustion of Administrative Remedies

"Before filing a suit under Title VII, a plaintiff must exhaust [his] administrative remedies by bringing a charge with the EEOC." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000); *see also* 42 U.S.C. § 2000e-5(f)(1). Exhaustion of administrative remedies is a statutory prerequisite to properly invoke the jurisdiction of the federal court. *See, e.g.*, *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (stating that "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim"); *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 140 (4th Cir. 1995) (stating that "receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite"); see also 42 U.S.C. § 2000e-5(f). The Fourth Circuit has emphasized:

> The filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent . . . lawsuit. Rather, Congress intended the exhaustion requirement to serve the primary purpose of notice and conciliation. First, an administrative charge notifies the employer of the alleged discrimination. This notice gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory action. It also prevents the employer from later complaining of prejudice, since it has known of the allegations from the very beginning. Second, the exhaustion requirement initiates agency-monitored settlement, the primary way that claims of discrimination are resolved.

*Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005) (citations omitted).

## II.    Plaintiff's Objections

As an initial matter, this Court has reviewed the record in this case and finds the Magistrate's summary of the relevant facts of this case to be accurate.  As such, this Court adopts in its entirety the factual background of this case as summarized in the Magistrate's R&R.

Plaintiff objects to the Magistrate Judge's finding that he did not exhaust all administrative remedies.  Boyd claims that he did seek recourse at the South Carolina Human Affairs Commission ("SCHAC"), the deferral agency in South Carolina for the federal Equal Employment Opportunity Commission ("EEOC"), and that he completed the necessary steps to advance his complaint.  However, the facts of this case do not support Boyd's assertion.  Boyd failed to fully complete the SCHAC questionnaire, and completion of the questionnaire was the first step in the process for Plaintiff to proceed with his claim.  When SCHAC requested additional information from Plaintiff through a letter sent to the address listed by Boyd on his initial questionnaire, SCHAC informed Boyd that if he did not contact SCHAC within ten days, they would assume Boyd did not want to file a charge.  Boyd failed to respond within ten days as directed by the letter from SCHAC.  Though SCHAC gave Plaintiff several opportunities to revise his original questionnaire and fix his mistake before the 300 day window that he had to file his claim, Plaintiff failed to complete the first step in pursuing his claim and, in doing so, failed to exhaust all administrative remedies.

Plaintiff also objects to the Report and Recommendation's background section because it is not identical to the facts in Plaintiff's complaint.  Boyd asserts that the Magistrate Judge's summary of his complaint "is not construed in light favorable to non-movant and is conclusory without referencing Complaint facts or other facts in support of Plaintiff."  (ECF No. 115).

4

Plaintiff seems to argue that the Magistrate Judge should have relied on the facts as laid out by Boyd in his complaint and that by failing to do so the Magistrate has been unfair to Plaintiff. This argument is without merit. This Court directs Plaintiff to the overview of the legal standard for dismissing actions pursuant to Fed. R. Civ. P. 12(b)(1) that is provided above. In his objections, Boyd has cited the standard for summary judgment rather than that for dismissing a case pursuant to Rule 12(b)(1). As previously indicated, the court may dismiss a case for lack of subject matter jurisdiction based on the complaint supplemented by undisputed facts coupled with the court's resolution of disputed facts. *Johnson v. U.S,* 534 F.3d 958, 962 (8th Cir. 2008) (citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981)). Contrary to the suggestion made by Boyd's objections, this Court is not bound to consider the Plaintiff's complaint as absolute truth for the purposes of resolving this motion. With that in mind, this Court finds that the Plaintiff's complaint in addition to the undisputed facts set forth in the R&R prove that this Court lacks subject matter jurisdiction over this matter.

In his July 11, 2011 objection to the R&R, Plaintiff states that Saundra L. Ligon lied in her affidavit and goes on to provide several points in an attempt to prove this allegation. The Plaintiff's attempt to prove that the affidavit is a forgery does not persuade this court. In the final objection filed by Boyd, he contends that Angelica's Response to Plaintiff's Objections to Magistrate Judge's Report and Recommendations is improper. Plaintiff then reiterates the objections that he raised in his previous two sets of objections. The objections asserted by the Plaintiff are not persuasive. The facts as evident from the record of this case establish that Plaintiff did not exhaust the administrative remedies for his claim. As such, this Court has no

choice but to dismiss the complaint. Therefore, this case should be dismissed for lack of subject matter jurisdiction.

## III.   Conclusion

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference. The court hereby grants Defendant's motion for dismissal under Fed. R. Civ. P. 12(b)(1) (ECF No. 63), denies Plaintiff's motion for partial summary judgment (ECF No. 68), and terminates all other pending motions (ECF Nos. 46, 50, 51, 67, 69, 73, 81, 84, 85, 86, & 99).

IT IS SO ORDERED.

September 19, 2011               Joseph F. Anderson, Jr.
Columbia, South Carolina         United States District Judge